FILED
JEANNE A. NAUGHTON, CLERK
OCT 30 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**SUNG K. YANG**<br>　　　　　　Debtor. | Case No.:　　17-13057 (JKS)<br><br>Judge:　　John K. Sherwood |

## DECISION AND ORDER REGARDING DEBTOR'S MOTION
## TO REDUCE CLAIMS OF EUN SOOK YANG AND YOUNG SOOK YANG

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: October 30, 2019

**Page 2**
Debtor:          Sung K. Yang
Case No.:        17-13057 (JKS)
Caption of Order: **Decision and Order Regarding Debtor's Motion to Reduce Claims of Eun Sook & Young Sook Yang**

**WHEREAS:**

1. On November 20, 2018, Sung K. Yang (the "Debtor") filed a motion to partially expunge claims of Eun Sook Yang and Young Sook Yang (the "Motion").[1] Eun Sook Yang and Young Sook Yang (the "Secured Creditors") filed opposition under the principles of: a) the Rooker-Feldman Doctrine; b) res judicata; c) the Entire Controversy Doctrine, and d) collateral estoppel.[2]

2. By Order dated March 22, 2019, the Court approved the sale of the real property that was subject to the Secured Creditors' lien.[3] The Order provided that the sum of $182,739.09 was to be held in escrow by Debtor's counsel pending the result of this Motion. Thereafter, the Court was advised on several occasions by Debtor's counsel that the parties were engaged in settlement negotiations. Thus, the Court has delayed its decision. Only recently, the Court has been advised that the parties have not been able to reach a settlement and that the Motion must be decided.

3. Having reviewed the Motion and the Secured Creditors' opposition and for the reasons set forth below, the Court finds that the Debtor's Motion is barred under res judicata.

---

[1] ECF No. 67. The Court notes that the title to the Motion mistakenly identified the Debtor as one of the Secured Creditors.
[2] ECF No. 73.
[3] ECF No. 85.

Debtor:            Sung K. Yang
Case No.:          17-13057 (JKS)
Caption of Order:  **Decision and Order Regarding Debtor's Motion to Reduce Claims of Eun Sook & Young Sook Yang**

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

4. On January 2, 2009, the Debtor entered into a real estate contract to sell the Secured Creditors real property located at 20A East Edsall Boulevard and 20B East Edsall Boulevard, Palisades Park, New Jersey 07650 (together, the "Property"), for $660,000.00.[4]

5. On September 30, 2010, the Superior Court of New Jersey, Bergen County Law Division (the "State Court"), entered an order directing the Debtor to transfer the Property to the Secured Creditors within 60 days.[5] The Debtor failed to transfer the Property and the Secured Creditors brought a State Court action alleging breach of contract and unjust enrichment.[6]

6. On May 3, 2013, the State Court entered default judgment against the Debtor for $643,560.00 (the "Judgment").[7] The Judgment was recorded on June 12, 2013.[8]

7. The Debtor made two payments to the Secured Creditors since the Judgment was entered. The first payment of $93,227.49 was made on November 19, 2014 and the second payment of $149,326.68 was made on January 5, 2015. Receipt of these payments is acknowledged by the Secured Creditors. According to the Secured Creditors' proof of claim, as of February 16, 2017, the Debtor owed $449.770.07 to the Secured Creditors.[9]

---

[4] ECF No. 67-4, ¶ 11.
[5] *Id*. at ¶ 27.
[6] *Id*. at ¶¶ 36, 41.
[7] Claim No. 3.
[8] *Id*.
[9] *Id*.

Case 17-13057-JKS    Doc 100    Filed 10/30/19    Entered 10/31/19 14:59:48    Desc Main
Document    Page 4 of 6

Page 4
Debtor:           Sung K. Yang
Case No.:         17-13057 (JKS)
Caption of Order: **Decision and Order Regarding Debtor's Motion to Reduce Claims of Eun Sook & Young Sook Yang**

8. On February 16, 2017, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code and on August 30, 2018, the Secured Creditors filed a proof of claim in the amount of $449,770.07.[10]

9. On November 20, 2018, the Debtor filed the Motion, arguing the correct balance owed to the Secured Creditors is $247,106.75 due to a series of transactions between the parties prior to entry of the Judgment.[11]

10. The Secured Creditors filed opposition arguing that the Debtor's pre-Judgment payments do not impact the amount owed under the Judgment. Rather, the payments were made prior to entry of the Judgment and the Judgment reflects the outstanding balance of the debt owed to the Secured Creditors.[12] The Secured Creditors' proof of claim reflects the Judgment amount less two post-Judgment payments.[13]

11. The Secured Creditors argue that review of their claim is barred under the Rooker-Feldman Doctrine, res judicata, the Entire Controversy Doctrine and collateral estoppel. The Debtor argues that these principles do not apply because the Judgment was entered as a result of default judgment and further argues that the Court should exercise its jurisdiction to determine the amount of the Secured Creditors' claim.

---

[10] *Id.*
[11] ECF No. 67-2 at ¶¶ 7-10.
[12] ECF No. 73.
[13] Claim No. 3.

Case 17-13057-JKS    Doc 100    Filed 10/30/19    Entered 10/31/19 14:59:48    Desc Main
Document    Page 5 of 6

**Page 5**
Debtor:         Sung K. Yang
Case No.:       17-13057 (JKS)
Caption of Order:   **Decision and Order Regarding Debtor's Motion to Reduce Claims of Eun Sook & Young Sook Yang**

## RES JUDICATA

12. The doctrine of res judicata prohibits the litigation of claims that have been litigated in a previous action, as well as claims that could have been asserted in that action.[14] In New Jersey, res judicata applies to all judgments, including default judgments.[15]

13. There are three requirements that must be met for res judicata to apply: (1) there must be a final judgment on the merits in a previous litigation, (2) the subsequent litigation must be between "the same parties or their privies" and (3) there must be "a subsequent suit based on the same cause of action."[16] Importantly, res judicata prohibits the subsequent litigation of issues that could have been argued in the earlier case but were not.[17] Thus, "if the debtor's current action is upon the same claim or demand as the original action and involves the same parties, then this action is barred even though the debtor defaulted in the prior action."[18]

14. In this case, the Debtor argues that because the Judgment was entered by default he should now "have an opportunity to defend and/or litigate the action . . . ."[19] This argument is contrary to the law in this jurisdiction. The Judgment against the Debtor bars the Motion because the Judgment was entered by the State Court in previous litigation over the same cause of action.[20] It is irrelevant that the Debtor did not present the argument he is now asserting during the prior litigation. In fact, he had the chance to assert these arguments in

---

[14] *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007).
[15] *In re Crispino*, 160 B.R. 749, 754 (Bankr. D.N.J. 1993) (internal citations omitted).
[16] *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).
[17] *Post*, 501 F.3d at 169 (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)).
[18] *In re Crispino*, 160 B.R. at 755 (citing *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 461-62 (1989)).
[19] ECF No. 67-2 at ¶ 8.
[20] *In re Crispino*, 160 B.R. at 755.

**Page 6**
Debtor:           Sung K. Yang
Case No.:         17-13057 (JKS)
Caption of Order: **Decision and Order Regarding Debtor's Motion to Reduce Claims of Eun Sook & Young Sook Yang**

---

the State Court litigation but failed to do so. The Court finds, notwithstanding the Judgment being entered by default, that the Debtor's motion is barred under res judicata due to the entry of the Judgment against the Debtor in the State Court action filed by Secured Creditors.

## CONCLUSION

15. For the foregoing reasons, the Motion is denied. Because res judicata bars the Motion, the Court need not decide whether the Rooker-Feldman Doctrine, the Entire Controversy Doctrine or collateral estoppel apply.